UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DESTINY SCHOON,<br><br>      Plaintiff,<br><br>vs.<br><br>FARMINGTON CASUALTY COMPANY and GALLAGHER BASSETT SERVICES, INC.,<br><br>      Defendants. | Civ. No. 5:24-cv-5002<br><br><br>**COMPLAINT** |

Plaintiff Destiny Schoon, above-named, by and through her undersigned counsel, for her claims against Farmington Casualty Company and Gallagher Bassett Services, Inc., respectfully states as follows:

## PARTIES

1.    Plaintiff Destiny Schoon is currently a citizen of the State of South Dakota and resides in the County of Pennington.

2.    Defendant Farmington Casualty Company is incorporated and has its principal place of business in a state other than South Dakota.

3.    Defendant Gallagher Bassett Services, Inc., is incorporated and has its principal place of business in a state other than South Dakota.

4.    Farmington Casualty Company, provided worker's compensation coverage to Plaintiff's employer, News Corporation, through its wholly owned subsidiary News America Marketing In-Store Services, LLC, through a contract with News Corporation, through its wholly owned subsidiary News America

Marketing In-Store Services, LLC, at the time of Plaintiff's worker's compensation injury.

5.    Upon information and belief, Defendant Gallagher Bassett Services, Inc., entered into a service agreement with Farmington Casualty Company, and its affiliates, to serve as the Third-Party Administrator for Farmington Casualty Company, claims management program, at the time of Plaintiff's worker's compensation injury.

## JURISDICTION

6.    The amount in controversy exceeds $75,000.

7.    Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## FACTS

8. On May 7, 2015, Destiny was hanging advertising for her News America Marketing job when she injured herself.

9. The very next morning Destiny reported to Black Hills Health and Wellness for a chiropractic adjustment, in an attempt to relieve the symptoms of her neck and shoulder.

10.    She again received an adjustment four days later on May 12, 2015.

11.    Black Hills Health and Wellness referred Destiny to Black Hills Orthopedic (BHO) to see if she required more serious treatment.

12.    On May 18, 2015, Destiny reported to BHO continuing to complain of right shoulder and neck pain.

2

13.     A physician's assistant prescribed physical therapy at Promotion to see if the therapy might resolve some of Destiny's symptoms.

14.     Destiny began physical therapy at Promotion on June 2, 2015.

15.     After multiple physical therapy appointments, BHO referred Destiny to Dr. Lawlor for treatment of her neck, interscapular, and shoulder pain.

16.     Destiny complained to Dr. Lawlor how she was injured and the symptoms she was experiencing.

17.     Dr. Lawlor chose to order a cervical MRI and prescribed more physical therapy with Promotion.

18.     The MRI results showed a broad-based disc herniation at C5-6 which impinged on the right ventral hemicord.

19.     Around this time, the Employer indicated that Destiny's work injury claim was accepted for her right shoulder only and asked Dr. Lawlor to send records supporting the need for more physical therapy for her shoulder as well as treatment for her neck.

20.     The MRI results showed a broad-based disc herniation at C5-6 which impinged on the right ventral hemicord.

21.     The next day, Dr. Lawlor sent a fax to Jorna Chapel stating:

> The MRI was ordered which showed C5-6 herniation. The area of her pain drawing is consistent with pain referred from a C5-6 area. It is not uncommon for people with a C5-6 disc herniation to report shoulder pain as a predominate pain complaint. In my opinion, these findings are consistent with her stated onset of pain and consistent with her need for ongoing physical therapy to specifically address the neck as it relates to her shoulder pain.

3

22. The MRI results showed a broad-based disc herniation at C5-6 which impinged on the right ventral hemicord.

23. Dr. Lawlor referred her to Dr. Jonathan L. Wilson at Black Hills Neurosurgery and Spine, who examined Destiny on December 30, 2015.

24. Dr. Wilson recommended a C5-6 cervical disc arthroplasty.

25. Upon receiving Dr. Wilson's recommendation, Insurer refused to authorize surgery until Destiny attended an IME.

26. The IME took place on January 21, 2016, and Dr. Nipper issued his report on February 17, 2016.

27. Dr. Nipper opined in his IME report that Destiny suffered a shoulder strain that "resolved by approximately six weeks following the event."

28. Dr. Nipper also stated she was at MMI, entitled to no impairment, and needed no further treatment.

29. On February 24, 2016, relying on Dr. Nipper's IME opinion, Insurer denied Plaintiff's further worker's compensation benefits.

30. Defendants were required to Petition the Department of Labor, pursuant to SDCL 62-7-33, *Hollow Horn v. Firstcomp Insurance Co.*, 5:17-CV-05016-JLV, 2020 WL 6591306 (D.S.D. May 12, 2021), and *Johnson v. United Parcel Service Incorporated*, 2020 S.D. 9, 946 N.W.2d 1, to get approval to terminate Plaintiff's worker's compensation benefits.

31. Defendants unilaterally terminated worker's compensation benefits without approval from the Department of Labor.

32. On May 5, 2016, Destiny underwent surgery with Dr. Wilson.

4

33. After the surgery she continued to have conservative treatment including physical therapy, medications, and injections.

34. Claimant filed a Petition for Hearing with the Department on November 28, 2016.

35. Employer and Insurer filed a Joint Answer on January 20, 2017, denying that Claimant's May 2015 work injury is and remains a major contributing cause of her current neck injuries.

36. The Department held a hearing on the merits on September 23, 2020, in Rapid City, South Dakota.

37. Administrative Law Judge Michelle Faw issued a Decision on January 26, 2021, approving Plaintiff's request for benefits.

38. Judge Faw issued Findings of Fact and Conclusions of Law along with an Order dated March 10, 2021, finding Claimant's injuries compensable and ordered the Defendants to pay Plaintiff the amount of $101,797.00 for past medical expenses and prejudgment interest.

39. Notice of Entry of the same was filed by Plaintiff on March 18, 2021.

40. Employer and Insurer filed a Notice of Appeal on March 22, 2021, to the Sixth Judicial Circuit Court.

41. On December 27, 2021, the Honorable Christina Klinger issued her opinion affirming the Department's decision.

42. Notice of Entry of the same was filed by Plaintiff on January 7, 2022.

43. Employer and Insurer filed a Notice of Appeal on February 4, 2022.

44. On December 28, 2022, the South Dakota Supreme Court issued its Decision and Judgment affirming the Circuit Court's Order.

45. The Defendants had a duty under South Dakota law to provide workers' compensation benefits to injured employees and ensure these benefits are timely provided.

46. The Defendants had a duty to know and follow South Dakota law relating to worker's compensation claims.

47. The Defendants had a duty to follow valid orders of the South Dakota Department of Labor, Circuit Court, and South Dakota Supreme Court.

48. Defendants have refused to follow these orders and have refused, and continue to refuse, to authorize and pay for medical treatment for Plaintiff and refused, and continued to refuse, to pay Plaintiff the benefits the Department ordered the Defendants to pay in the amount of $101,797.00, plus interest, from the date of the Department's Order of March 10, 2021.

49. Defendants' continued refusal to follow valid South Dakota orders is done in bad faith and without a reasonable basis.

## COUNT I: BAD FAITH & UNFAIR AND DECEPTIVE PRACTICES

50. Plaintiff hereby reincorporates by reference the foregoing paragraphs.

51. Defendants have a duty of good faith and fair dealing when processing a worker's compensation claim.

52.    At all material times, Defendants committed the wrongful acts herein alleged through agents or employees who were acting within the purposes and scope of their authority and employment.

53.    With actual notice of Plaintiff's compensable injuries, Defendants acted knowingly and without reasonable basis in refusing to make a reasonable, prompt, and adequate investigation of Plaintiff's claim for compensation. This was done for the purposes of discouraging, avoiding, or reducing the benefits due to Plaintiff.

54.    Defendants, without any reasonable basis and for the purpose of discouraging, avoiding, or reducing the benefits due to Plaintiff, intentionally and wrongfully delayed and denied Plaintiff's worker's compensation claim in violation of South Dakota law.

55.    Defendants were required to Petition the Department of Labor, pursuant to SDCL 62-7-33, *Hollow Horn v. Firstcomp Insurance Co.*, 5:17-CV-05016-JLV, 2020 WL 6591306 (D.S.D. May 12, 2021), and *Johnson v. United Parcel Service Incorporated*, 2020 S.D. 9, 946 N.W.2d 1, to get approval to terminate Plaintiff's worker's compensation benefits.

56.    Defendants unilaterally terminated worker's compensation benefits without approval from the Department of Labor.

57.    Defendants either knew or should have known of the lack of reasonable basis for delay and denial of benefits.

58. Defendants delayed and denied worker's compensation benefits in this case in violation of the covenant of good faith and fair dealing and acted in bad faith.

59. Defendants also failed to give equal consideration to the interests of Plaintiff, have ignored facts that support her claim, and have ignored law that requires payment of the claim.

60. Defendants' actions constituting bad faith included, but were not limited to, the following:

a. Defendants breached its duty to adjust Plaintiff's claim in good faith and to investigate every available source of information and set out to collect the minimum facts necessary to support a denial of the claim;

b. Defendants ignored facts, medical records, and other evidence in order to take actions which injured the Plaintiff's rights;

c. Defendants failed to fulfill its continuing duty to investigate and evaluate the claim;

d. Defendants delayed and denied Plaintiff's worker's compensation benefits without any reasonable basis for doing so;

e. Defendants selected and used Dr. Nipper knowing he is biased in favor of insurance companies, and the vast majority of the time he issues fully favorable opinions for insurance companies, which they use as a pretense to deny valid worker's compensation claims; and

f. Defendants unilaterally terminated worker's compensation benefits without approval from the Department of Labor.

61. As a legal result of this conduct, Plaintiff has experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

62.   Plaintiff is entitled to damages as a result of the breach of the implied duty of good faith and fair dealing.

## COUNT II: CIVIL CONSPIRACY

63.   Plaintiff hereby realleges all previous paragraphs as if set forth herein.

64.   Defendants conspired with one another, and had a meeting of the minds, to deny Plaintiff's worker's compensation claim with the knowledge they did not have a reasonable basis and were required to get approval from the Department of Labor to terminate benefits.

65.   As a legal result of this conduct, Plaintiff has experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

66.   Plaintiff is entitled to damages as a result of the Defendants engaging in a civil conspiracy to wrongfully terminate Plaintiff's worker's compensation benefits.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.   Plaintiff hereby realleges all previous paragraphs as if set forth herein.

68.   Defendants knew, or in the exercise of reasonable care should have known, that their behavior and actions in the delay and denial of benefits, and subsequent handling of this claim would result in serious emotional distress to the Plaintiff due to her medical and financial position.

9

69.  In doing the acts alleged in this Complaint, Defendants acted with reckless, intentional, and deliberate disregard for the likelihood that Plaintiff would suffer severe emotional distress as a direct and proximate result of its actions.

70.  As a legal result of this conduct, Plaintiff has experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

71.  Plaintiff is entitled to damages as a result of the intentional infliction of emotional distress.

## COUNT IV: PUNITIVE DAMAGES

72.  Plaintiff hereby realleges all previous paragraphs as if set forth herein.

73.  Defendants have acted with oppression, fraud, express and implied malice and a reckless disregard for the rights of Plaintiff by refusing and delaying in providing worker's compensation benefits owed to Plaintiff, and intentionally inflicting emotional distress upon Plaintiff.

74.  Upon information and belief, Defendants have engaged in a pattern and practice of acting in bad faith by delaying and denying worker's compensation benefits without any basis.

75.  Punitive damages are appropriate in this case pursuant to SDCL § 21-3-2 in order to punish and deter Defendants from continuing in this course of conduct.

WHEREFORE, the Plaintiff prays for judgment as follows:

a.   All damages (compensatory, general, special, and consequential) in an amount to be determined at trial;

b.   Punitive damages in an amount to be justly determined by the jury;

c.   Attorneys' fees, costs, disbursements herein, and interest; and

d.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38, Plaintiff Destiny Schoon hereby demands a trial by jury of any issue triable of right by jury.

Dated the __12th__ day of January, 2024.

BEARDSLEY, JENSEN & LEE, Prof. L.L.C.

By: *Brad J. Lee*

Brad J. Lee
Matthew J. McIntosh
4200 Beach Drive, Suite 3
P.O. Box 9579
Rapid City, SD 57709
Telephone: (605) 721-2800
Facsimile: (605) 721-2801
E-mail: *blee@blackhillslaw.com*
*mmcintosh@blackhillslaw.com*
*Attorneys for Plaintiff*

11

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Destiny Schoon, | Farmington Casualty Company and Gallagher Bassett Services. Inc. |

**(b)** County of Residence of First Listed Plaintiff  Pennington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brad J. Lee; Beardsley, Jensen & Lee, P.O. Box 9579 Rapid City, SD 57709; telephone: 605-721-2800

Attorneys *(If Known)*
Deanne C. Ayers; Ayers & Ayers; Ayers Plaza, 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034; Telephone: (817) 267-9009

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332, Diversity of Citizenship

Brief description of cause:
Breach of contract and bad faith

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ unspecified compensatory, punitive damages & attorney's fees

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See Instructions):* Type text here
JUDGE _____  DOCKET NUMBER _____

DATE
1-12-2024

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |